IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 9 2012
CLERK, U.S. DISTRICT COURT
By_____
        Deputy

AMENA WILLIAMS-GRANT and   §
HAMILTON GRANT, on behalf of   §
minor child Travon Xavior   §
Grant,   §
  §
      Plaintiffs,   §
  §
VS.   §   NO. 4:12-CV-709-A
  §
ARLINGTON INDEPENDENT SCHOOL   §
DISTRICT,   §
  §
      Defendant.   §

## MEMORANDUM OPINION
### and
### ORDER

Before the court for decision is the motion of defendant,
Arlington Independent School District, to dismiss the complaint
of plaintiffs, Amena Williams-Grant and Hamilton Grant, on behalf
of minor child Travon Xavior Grant ("Travon"), for failure to
state a claim upon which relief can be granted.  After having
considered such motion, plaintiffs' response thereto, the
pleading to which such motion is directed, and applicable legal
authorities, the court has concluded that such motion should be
granted.

I.

### Procedural History

Plaintiffs filed their complaint on October 4, 2012, naming
as the defendant "Arlington Texas School District/Short

Elementary."  The complaint was accompanied by an application to proceed _in forma pauperis_.  The application was granted October 9, 2012, by an order authorizing plaintiffs to proceed _in forma pauperis_.  On October 12, 2012, the court entered an order correcting the identity of the defendant from "Arlington Texas School District/Short Elementary" to "Arlington Independent School District" as the proper defendant; and, by the same order, the court authorized service of process on Arlington Independent School District.  On October 19, 2012, plaintiffs filed a request for jury trial.  On November 6, 2012, plaintiff Amena Williams-Grant filed a document titled "Amended Relief Request." Defendant, Arlington Independent School District, filed its motion to dismiss the complaint for failure to state a claim upon which relief could be granted, and its alternative motion for a more definite statement.  Plaintiff Amena Williams-Grant filed her response to defendant's motion to dismiss and alternative motion for more definite statement on November 13, 2012.[1]

---

[1]On November 16, 2012, plaintiff Amena Williams-Grant filed a document representing to the court that defendant's November 8, 2012 motion to dismiss was never received by plaintiffs as of November 15, 2012.  That representation appears to be incorrect inasmuch as on November 13, 2012, Amena Williams-Grant filed a response to defendant's motion and alternative motion.

II.

## Allegations of Plaintiffs' Complaint

Plaintiffs complain that their son, Travon, was bullied at Short Elementary School, a school within the Arlington Independent School District, by a girl by the name of Jasmine, who said cruel things to their son. They alleged that after they complained to the school authorities, the school authorities separated Travon and Jasmine by moving Jasmine to a different class. Nevertheless, Jasmine took advantage of her opportunity to communicate verbally with Travon during a recess by again saying unpleasant things to him. According to plaintiffs, Jasmine's bullying of Travon has caused him to be upset--so upset that he has said that he wants to kill himself because Jasmine will not leave him alone.

Plaintiffs concluded the allegations of their complaint as follows:

> Short Elementary has failed to protect Travon Grant
> from continuously being bullied and The right to a
> equal education, and Discriminated against him based on
> his disability (Learning Disability and ADHD). Jasmine
> has not been suspended or restricted from being around
> Travon Grant. On 9/24/2012 Travon was seen by his
> seizure doctor For severe headaches and vomiting, his
> doctor advised us it was due To the stress of being
> bullied. The bully has got so bad that Travon Talks
> about taking his life.

Compl. at 2nd-3rd unnumbered pp. (errors in original).

3

Plaintiffs prayed in their amended request for relief that the court rule in favor of plaintiffs by an award of $250,000 for past and future medical bills "associated with the incident," including, but not limited to, counseling services, punitive damages/emotional distress damages, and for removal of negative things from school file that was added after the filing of the lawsuit.[2]  Am. Relief Request at solo p.

### III.

### The Grounds of the Motion

Defendant assumed in its brief in support of its motion to dismiss that plaintiffs inarticulately were seeking to assert claims under 42 U.S.C. § 1983 and/or section 504 of the Rehabilitation Act (29 U.S.C. § 794) and/or section 202 of the Americans with Disabilities Act (42 U.S.C. § 12132) and/or Title IX, section 901 (20 U.S.C. § 1681).  Defendant contends that plaintiffs' complaint does not allege facts that, if taken as true, would set forth the elements of a claim under any of the possible alternatives.

---

[2]The prayer for relief in the original complaint filed October 4, 2012, sought expulsion of Jasmine, or transfer of Jasmine to a different school.  The court assumes that that request for relief was deleted because of Travon's withdrawal from Short Elementary School.  See Pls.' Resp. to Mots. at 3d unnumbered p.

IV.

### The Response

In the response Amena Williams-Grant filed November 13,

2012, she repeats basically the same facts as were alleged in the

complaint.  As to the legal basis for plaintiffs' claims, the

following allegations are made in the response:

> Arlington I.S.D violated the federal ant-discrimination
> statues, which Address bullying and harassment, which
> impose responsibilities on school Administrators to
> protect the civil rights of students. Section 504 of
> the Rehabilitation Act of 1973 , and Title II of the
> Americans with Disabilities Act of 1990 prohibit
> discrimination based on a disability. Under Title IX, A
> school district may be liable for student-on-student
> harassment if the School district (1) had actual
> knowledge of the harassment ( Short Elementary was put
> on notice of the bullying , and failed to protect T.G.
> from the bully, J began to bully T.G. the third week of
> September 2011, . . . .

Resp. at 2d-3d unnumbered pp. (errors in original).

V.

### Analysis

A.   Motion to Dismiss Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable standard of pleading.

It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests,

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.")

Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer
that the plaintiff's right to relief is plausible.  Id.  To
allege a plausible right to relief, the facts pleaded must
suggest liability; allegations that are merely consistent with
unlawful conduct are insufficient.  Twombly, 550 U.S. at 566-69.
"Determining whether a complaint states a plausible claim for
relief . . . [is] a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense."  Iqbal, 556 U.S. at 679.

Plaintiffs' complaint cannot survive the motion to dismiss.

The court is persuaded by defendant's arguments that plaintiffs have failed to allege facts that would, if found to be true, establish a violation by defendant of Travon's right to equal protection and municipal liability against defendant under § 1983 or liability on the part of defendant under any of the other potentially applicable statutes.

1.   42 U.S.C. § 1983

For a § 1983 claim to be alleged, there must be allegations of fact that would support the conclusions that (1) a constitutional violation occurred, and caused plaintiff's injuries and (2) the defendant can be held liable for that violation.  See Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (1992).  Language used by plaintiffs in their response suggests that they might be claiming a violation of the Equal Protection Clause of the Fourteenth Amendment.  However, plaintiffs have alleged no facts that would support a conclusion that Travon was treated differently from similarly situated students.  Plaintiffs have not identified any student that was treated differently from Travon, nor have they identified any impermissible classification by defendant.  They have not identified any suspect class to which Travon belongs, and have not pleaded any facts establishing any discriminatory intent.

Moreover, plaintiffs have not alleged any facts that would establish municipal liability on the part of defendant.  For defendant to be held liable under § 1983, even if a constitutional violation is assumed, it must be established that (1) the constitutional violation was caused as the direct result of the execution of an official "custom" or "policy," (2) the custom or policy was approved or sanctioned by defendant's final policymaker, (3) the final policymaker acted with deliberate indifference, and (4) the customer policy was the moving force behind the violation.  See Bd. of Cnty. Comm'rs of Bryan Cnty, Okla. v. Brown, 520 U.S. 397, 403-04 (1997).  The complaint fails to contain allegations that would, if believed, lead to the conclusion that any of those factors is present in this case. None of the allegations of the complaint remotely suggests the existence of any facts that would cause defendant to have municipal liability even if the assumption were to be made that a constitutional violation occurred.

   2.   Section 504 of the Rehabilitation Act and Section
        202 of the Americans with Disabilities Act

Section 504 of the Rehabilitation Act (29 U.S.C. § 794) and section 202 of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12132) both prohibit disability discrimination.  Section 504 provides that "[n]o otherwise qualified individual with a

disability . . . shall, solely by reason of . . . his disability,
be excluded from the participation, be denied the benefits of, or
be subjected to discrimination under any program or activity
receiving Federal financial assistance . . . ."  29 U.S.C.
§ 794(a).  The ADA provides that "no qualified individual with a
disability shall, by reason of such disability, be excluded from
participation in or be denied the benefits of the services,
programs, or activities of a public entity, or be subjected to
discrimination by any such entity."  42 U.S.C. § 12132.

A claim for violation of section 504 must contain factual
allegations that (1) the plaintiff is a qualified individual with
a disability, (2) he was denied the benefit of a program or
activity that received federal financial aid, and (3) he was
discriminated against solely by reason of his disability.
Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007).  For a
claim to be alleged under the ADA the complaint must contain
factual allegations that (1) the plaintiff is disabled, (2) he
has been excluded from participating in, or been denied the
benefit of, services, programs, or activities for which the
public entity is responsible, and (3) such exclusion or denial
was by reason of his disability.  Hale v. King, 642 F.3d 492, 499
(5th Cir. 2011).  Because of the similarities in the statutory
language, courts construe and apply section 504 and the ADA in

such a way that the jurisprudence interpreting either statutory prohibition may be applied to the other. D.A. *ex rel* Latasha A. v. Houston Indep. Sch. Dist., 629 F.3d 450, 453 (5th Cir. 2010).

Absent from plaintiffs' complaint is any factual allegation that would support a conclusion that Travon was discriminated against based on any disability. The conclusory allegation by plaintiffs that defendant discriminated against Travon based on his disability is not enough to overcome defendant's motion to dismiss. No facts are alleged that would link defendant's response to the bullying of Travon to his alleged disabilities.

3. Title IX

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). There is no allegation that, while the person who allegedly bullied Travon was a female, Travon was subjected to anything by reason of his gender. No allegation is made in the complaint that, as cruel as Jasmine's comments to Travon might have been, any of her comments were prompted by the fact that Travon was a male. Nor is there any hint in the allegations of the complaint that any responsive action, or inaction, on the part of defendant was based on

10

Travon's gender.  Defendant points to other inadequacies in the pleadings from a Title IX standpoint, Br. at 8-10; however, the court does not find necessary to engage in further discussion for an explanation of why there are no allegations of fact that would support a conclusion that a Title IX violation has occurred.

B.    The Court Is Not Ordering a Repleading

The court has concluded that an order directing, or authorizing, plaintiffs to file an amended pleading would be futile.  Plaintiffs were fully informed by defendant's motion and brief of the inadequacies of the allegations of their complaint.  Presumably they put in their response to the motion to dismiss everything they would offer by way of an amended complaint if given an opportunity to amend.  They have not requested leave to amend.  Even if plaintiffs put in an amended complaint everything they alleged in their response, they still would not have stated a claim against defendant upon which relief could be granted.  The facts alleged by plaintiffs in their response, as well as those alleged in the complaint, simply do not state a plausible basis for relief of any kind from defendant.

11

VI.

Order

For the reasons stated above,

The court ORDERS that defendant's motion to dismiss for failure to state a claim upon which relief could be granted be, and is hereby, granted, and that plaintiffs' complaint against defendant be, and is hereby, dismissed.

SIGNED November 19, 2012.

JOHN MCBRYDE
United States District Judge

12